HAVEN JOHNSON, Respondent, v. JAMES C. PETRILLO, as President of American Federation of Musicians, an Unincorporated Association, Appellant.— Appeal from an order of the Supreme Court, Albany County. Plaintiff is a member of the American Federation of Musicians. The action is for an injunction restraining the Federation from suspending or removing him from membership. At Special Term plaintiff has obtained a temporary injunction. The case turns upon the validity of an agreement by which plaintiff agreed to pay a booking agent 10% of his wages. Subdivision 2 of section 185 of the General Business Law provides that licensed theatrical employment agencies shall not charge more than 5% of the wages earned through certain limited periods. The by-laws of the defendant Federation, to which plaintiff subscribed and by the terms of which he is bound, require that any controversy between a booking agent and a member be submitted to the arbitration of a committee of the defendant Federation and that the decision should be final and binding. The booking agent also was bound by this agreement to arbitrate by an agreement with the defendant in writing. It is sufficient under the present statute that a binding agreement to arbitrate be in writing. (Civ. Prac. Act, § 1449.) The award in this case was in favor of the booking agent. Whether or not the agreement to pay the booking agent 10% was valid or invalid in the light of the provisions of the General Business Law depended on what the booking agent was obligated to do for plaintiff. If the agent was to manage plaintiff or to guarantee a certain income, the agreement to pay 10% commission might be valid. (General Business Law, § 171, subd. 4; *Pawlowski* v. *Woodruff*, 122 Misc. 695, affd. 212 App. Div. 871; *Sublett* v. *Davis*, 82 N. Y. S. 2d 77.) There is proof that the by-laws of the Federation, to which both plaintiff and the booking agent could be held on this record to have bound themselves, required the booking agent to provide management for plaintiff and to provide working engagements for at least forty weeks a year under carefully graded periods for two years. Thus, there was presented an open and arbitrable question as to the validity of the contract under the New York statute and it is one over which the arbitrators had jurisdiction. Plaintiff was required to have reviewed the award under the arbitration article of the Civil Practice Act (art. 84), which is the exclusive remedy where the question is arbitrable on its face; and there would have been available to him on such a review the validity of the 10% agreement as the facts before the arbitrators may have appeared. On such a review, the booking agent whose interests are truly adverse to plaintiff's would have been a necessary party. The award cannot be attacked collaterally by suing the arbitrators and leaving the adverse party out. The by-laws of the Federation provide that a violation by a member of any direction, resolution or rule of the Federation is a ground for discipline. The award against plaintiff contained a direction to pay, purported to be made in pursuance of the by-laws, and a notice that failure to pay it " will result " in loss of membership. No proceeding to remove the plaintiff has been instituted. The Federation's rules provide fully for a hearing and review before discipline against a member can be effected and no good case has been made out for judicial interference with the internal control by the Federation over plaintiff's membership at this stage of the controversy. Order reversed and motion denied, with $10 costs and disbursements. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post,* p. 847.]